DAY et al. v. MALLARD.   (No. 191–3240.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

1. Contracts ⟨key⟩137(3)—Not set aside for duress where partly based on illegal consideration.

Where part of the consideration for a contract was an illegal agreement not to prosecute plaintiff for a felony, the contract will not be set aside though it was partly induced by duress consisting of threats to kill plaintiff.

2. Contracts ⟨key⟩128(2), 139 — Where party was not guilty of felony, notes induced by duress may be set aside.

Where plaintiff was not in fact guilty of any felony, but on being threatened that he would be prosecuted for felony and would be killed he surrendered to his accuser lien notes, the transaction may be set aside, for there was no compounding of a felony, and therefore the parties were not in pari delicto.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by R. B. Mallard against Mrs. Mattie Day and others. A judgment for defendants Day was reversed and rendered by the Court of Civil Appeals (204 S. W. 245), and defendants Day bring error. Affirmed.

Richardson & Watkins, of Athens, for plaintiffs in error.

E. P. Miller, of Athens, for defendant in error.

SPENCER, J. Defendant in error, R. B. Mallard, instituted this suit against the heirs of W. W. Day, deceased, plaintiffs in error, Bob Miller and Gabriella Miller and Cecil Cook, in trespass to try title to the land described in the petition. In another count, he sought a foreclosure of a vendor's lien against the land, alleging, in substance: That he sold the land to Cecil Cook, retaining vendor's lien notes to secure the purchase money; that these notes he deposited with one Tom Conditt to secure the payment to Conditt of $137.50 which he owed him; that W. W. Day accused defendant in error of stealing flour from him and threatened to kill him unless he paid for it; that under fear of this threat, and to prevent Day from attempting to do so, he was induced to assign the vendor's lien notes to Day and to give an order directing Conditt to deliver the same to Day upon payment by Day of the $137.50; that Day got possession of said notes and, after canceling them in consideration of Cook deeding the land to him, he surrendered the same to Cook. Upon the facts thus pleaded, defendant in error contended that he was entitled to have the transaction between himself and Day rescinded—which would entitle him to the notes.

Plaintiffs in error defended upon the grounds: (1) That the notes were assigned to W. W. Day, deceased, to pay for groceries which they alleged defendant in error had stolen from Day; and (2) that the contract between defendant in error and Day was illegal and void in that part of the consideration entering into the agreement was that Day would not prosecute defendant in error in a criminal action then pending against him.

Cecil Cook answered, setting up his minority, and prayed for a cancellation of the notes, but this relief was denied and he did not appeal from the judgment rendered. Bob and Gabriella Miller disclaimed and judgment entered upon their disclaimer.

The case was submitted to the jury upon special issues, and the jury found, among other things: (a) That the agreement between defendant in error and Day included the understanding between them that Day was to drop all prosecution against defendant in error for taking the flour and other offenses; (b) that part of the consideration to defendant in error for the assignment of the notes was to keep Day from killing him and from prosecuting him on the charge of having stolen the flour; (c) that the order by defendant in error to Conditt to turn over the notes was made under fear of the threatened violence by Day which partly deprived defendant in error of the exercise of his free will; (d) that defendant in error was not guilty of stealing goods, wares, and merchandize from Day as charged.

———

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Upon the special findings of the jury the court entered judgment that defendant in error take nothing by his suit against plaintiffs in error. Upon appeal the Court of Civil Appeals was of opinion that the contract under which the notes were assigned to Day, having been made under duress, was voidable at the instance of defendant in error; and that the fact that a part of the consideration for the agreement was that Day would not prosecute defendant in error for a felony would not avail to avoid the contract as against duress established by the verdict. Whereupon the court reversed and rendered the judgment giving defendant in error an undivided $806/1301$ in the land. 204 S. W. 245.

The jury found that two things entered into the agreement: One, that Day would not attempt to carry out his threat to kill defendant in error; the other, that Day would not prosecute him for a felony.

[1] The promise on the part of Day not to attempt to carry out his threat to kill defendant in error may have in part induced him to make the assignment of the notes, but, unless it was the sole cause, the other element cannot be excluded. To the mind of the jury, as indicated by its verdict, the promise to refrain from attempting to carry out his threat to kill was not sufficient, in the absence of the further agreement not to prosecute him, to cause defendant in error to enter into the contract. It was the combination of the two elements, and not either operating independently, that stirred defendant in error to action. The finding reflects the view that both elements are inseparably present and one cannot be excluded and the other seized upon to determine the cause moving defendant in error to assign the notes.

[2] If defendant in error had been guilty of a penal offense and a part of the consideration for the agreement was the abandonment by Day of prosecution of such offense, this would corrupt the agreement and the courts would give defendant in error, as one of the parties thereto, no relief. In order, however, for the agreement not to prosecute for a felony to operate prejudicially against defendant in error, he must have been actuated in making it by a desire to prevent prosecution for a crime actually committed and not by a desire to prevent a groundless prosecution. The jury found that he had not committed the offense with which Day charged him, and, as there had been no commission of any offense, there could be no compounding of crime. Woodham v. Allen, 130 Cal. 194, 62 Pac. 398.

This action upon the part of Day in threatening to prosecute for a felony when none in fact had been committed shows the absence of any criminal contumacy upon the part of defendant in error in making the agreement, but convicts Day of exercising another form of duress in addition to that employed in threatening to kill.

We recommend therefore that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.