JOHN W. GOSTICK v. THE STATE.

No. 11836.  Delivered June 13, 1928.

*John L. Meany* of Houston for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Complaint and information were filed against appellant charging him with wilfully deserting, neglecting and refusing to provide for the support and maintenance of his minor child.  The penalty assessed was a fine of $25.00.

The sufficiency of the evidence to support the conviction is vigorously assailed.  Mrs. Annie Clark, former wife of appellant, was the prosecuting witness.  She testified in substance that she

married appellant on the 5th day of May, 1914, and the child in question was born in August, 1914; that she lived with appellant until the child was eleven months old and afterwards got a decree of divorce from him in May, 1917, with the custody of the minor child. She thereafter married Paul Klopp and after about three years divorced him and married Walter Stein. She lived with him eight months and divorced him and married August Clark, who is husband number four. After appellant's return from the army prosecutrix apparently became dissatisfied and angered at appellant over the disposition of money coming to his dependents from the government and instituted a child desertion prosecution against him. This prosecution was apparently dismissed by reason of a contract which appears in the record, a part of which is as follows:

" * * * in consideration of no further prosecution of me for non-support of my child, Lelia Ruth Gostick, I agree to pay to my former wife, Annie Ruby Klopp, the sum of $5.00 per week for the support, care and maintenance of said child, notwithstanding the fact that the Court has awarded the care and custody of said child to her."

It seems about this time appellant himself sued for the custody of the child but it was again awarded to prosecuting witness and she had such custody to the exclusion of appellant when the instant case was tried. The testimony further developed that prosecuting witness had accumulated considerable property. She had not long prior to the trial been in possession of $4600.00 in cash. She owned furniture which she said cost her $3000.00. She had a car. She had some income from rental of rooms. Her husband was working regularly and contributed to her support. She testified: "If my present husband did not give me anything to support the little girl on, she would be in destitute and necessitous circumstances." The child herself testified: "I go to school. * * * I live in a nice house, have plenty to eat, plenty of clothes to wear, plenty of shoes and everything. My mother buys those for me." Appellant's testimony was that he has a wife and two children to support; that he is a day laborer and makes from $23.00 to $37.50 a week; that he has very little property; that since he signed the contract above mentioned, he had paid to prosecuting witness an aggregate of nearly $2000.00 and the testimony further showed that at the time the prosecution was instituted, he was behind with such payments less than two months; that he at such time had just had severe sickness in his family. He further testified that he would be glad to have the care

and custody of his child and would divide whatever he had between it and his other two children.

We will not pause to discuss some of the rather remarkable testimony found in this record further than to say that it raises more than a suspicion that prosecuting witness considers herself the plaintiff in a prosecution instituted to enforce a contract which on its face shows a promise to pay money in consideration of the dismissal of a pending criminal prosecution. It ought to be evident that such a contract and such a prosecution are not to be commended. The evidence shows that prosecuting witness has accumulated more and had more property on the date of the offense than appellant. The recited facts show that the child in question was not in destitute and necessitous circumstances as those terms are used in the penal code, and this being an indispensable element, the evidence in our opinion is insufficient. Patton v. State, 103 Tex. Crim. Rep. 135; Frank v. State, 101 Tex. Crim. Rep. 121; Sims v. State, 91 Tex. Crim. Rep. 469.

Prosecuting witness having obtained by judicial decree the custody of the child in question and holding same at the time of the alleged commission of the offense to the exclusion of appellant, there could be no such offense as wilful desertion by appellant in this case. Freeman v. State, 103 Tex. Crim. Rep. 428.

We further seriously doubt whether this record shows a wilful neglect or refusal to provide for the child in question. "Wilful" as used in the statute means not only with evil intent and malice, but it also implies a set purpose and design. Mercardo v. State, 86 Tex. Crim. Rep. 560. In view of the sickness in appellant's family and the meager salary which he was drawing about this time and the obligations which he had to meet, we believe the evidence hardly sufficient on this phase of the case, in addition to the one previously discussed.

Because the evidence is insufficient, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.