### HOLIDAY v. HOLIDAY. (No. 9312.)

Court of Civil Appeals of Texas. Galveston. June 10, 1929.

M. E. Gates and E. R. Berry, both of Huntsville, for appellant.

R. T. Burns, of Huntsville, for appellee.

LANE, J. As near as we can gather from the statement of facts on file with the record in this cause, the following facts form the grounds upon which this suit was filed:

John and Billie Holiday, two negroes, were the joint owners of a certain tract of land, each owning a one-half undivided part thereof. Billie forged the name of John to a deed conveying to himself the interest of John in the land, and thereafter he and his wife, Mary, executed a deed conveying the entire tract to Dr. Wilson for a consideration of about $1,000. Upon it being discovered that

Billie had forged the name of John to the deed first mentioned, Billie for fear of prosecution left home for parts then unknown to his wife or John. Thereafter to prevent the prosecution of Billie for the forgery, John paid Dr. Wilson $550. After such payment John wrote the following letter to Mary Holiday, wife of Billie Holiday, as follows:

"Bedias, Tex., Nov. 20, 1923.

"Dear Mary: How are you this leaves us all well hoping this will find you well Mary you will find here enclosed your note mk paid in full I. can risk you with that note you already got be sure and take care of them also you find enclosed the agreement made between me and my wife and your-self in writing for you to sign now Mary this agreement is not to take advantage of you at all but is a matter of business I want to do all things in decency in order you read this agreement carefully and understand it. Remember what I told you about that Willson deed and the danger that were in it. I will tell you as a friend to sign it and send it back to me and you will find it will be a great help to you in the future. Get you two witnesses to sign where it says witnesses on those two lines put the two names you see the date of year you fill out the space with what day of month and write your own name on the long line to the right write yours first before your witnesses and then have them to sign. Now Mary do this at once and I will have every thing in a very good shape. Be sure and register it when you send it back to me so that it will be no danger of getting lost.

"With Respt        John F. Holiday."

Mary did not on receipt of this letter immediately sign and return the note mentioned and inclosed therewith, but on the 9th day of January, 1924, she executed and delivered it to John Holiday. Said note reads as follows:

"State of Texas, County of Walker.

"Whereas, Billie Holiday and Mary Holiday are indebted to John Holiday of Walker County, Texas, in the sum of Five Hundred Fifty & no/100 ($550.00) Dollars, by reason of the fact that the said John Holiday took upon himself the responsibility of paying this amount on a debt legally owed by them to Dr. J. E. Wilson, Grimes County, Texas; and,

"Whereas, the said John Holiday has never received any payment on said debt in either money, property, or any other thing of value, on said debt; and,

"Whereas, the said Billie Holiday has left Walker County and his present place of residence is unknown to any of the other parties named herein:

"I, Mary Holiday, a feme sole, of Harris County, Texas, for and in consideration of the above mentioned debt owed by me to John Holiday, do hereby promise and agree and become liable to pay to the said John Holiday at Huntsville, Walker County, Texas, on or before the 1st day of December, A. D. 1926, the sum of Five Hundred Fifty & No/100 ($550.00) Dollars with interest from date at the rate of ten per cent per annum, payable annually.

"Witness my hand at Houston, Harris County, Texas, this 9th day of January, 1924.
                            "Mary Holiday.
"Witnesses: W. Y. Robinson. (Mrs.) Irene Harris."

Prior to the filing of the present suit, John Holiday brought suit in the county court of Walker county on the note mentioned, which suit was numbered on the docket of said court 927. In that suit John Holiday, in a supplemental petition sworn to by him, alleged that the $550 forming the basis for the execution of the note by Mary Holiday was paid by him to Dr. Wilson to get Dr. Wilson to refrain from prosecuting Mary and her husband, Billie Holiday, for forgery, and having them sent to the penitentiary.

Cause No. 927 was dismissed and the supplemental petition was lost or mislaid, but it was agreed that the allegations were in substance as above stated.

On July 20, 1928, John Holiday brought this suit against Mary Holiday to recover upon the note executed by her.

Defendant answered, substantially averring that at the time the note sued upon was signed by her, and at all times subsequent thereto, she was and has been a married woman, the wife of Billie Holiday; that her husband is not in any capacity joined as a defendant in the suit; that at the time of the signing of the note she was laboring under the disabilities of a married woman, and that such disabilities have in no manner been removed; that the execution of the note by her was not for the purpose of procuring necessaries of life furnished her or her children, nor for the benefit of her separate estate in any manner whatever, and therefore she had no capacity to contract the purported obligation sued upon.

She further pleaded a failure of consideration, and that her signature to the note was procured by duress, in that the plaintiff represented to her that her husband, Billie Holiday, had forged the name of plaintiff to a deed conveying land from plaintiff to himself and that she and her husband had forged a deed by which they conveyed the land to Dr. Wilson, and that they were liable to a criminal prosecution and might be sent to the penitentiary, and that by such representations induced her to sign the note under an agreement that he (plaintiff) would settle with Dr. Wilson.

She alleged further that the sum for which the note was executed by her was paid by plaintiff to Dr. Wilson to prevent the prosecution by Dr. Wilson of her and her husband, and therefore said payment was against public policy and a compounding of crime. She

also pleaded a general denial. Her answer was sworn to.

The cause was tried by the court without a jury, and judgment was rendered for the plaintiff for the sum sued for, and defendant has appealed.

Appellant contends for a reversal of the judgment upon the following grounds:

First, because no recovery could be legally had·against her upon the note sued on because at the 'time of its execution she was a married woman and was therefore under common-law disability to make the note or any note of any nature, except for certain statutory exceptions, none of which were shown to exist in this case.

Second, because the undisputed evidence shows that she was a married woman at the time the suit·was filed and at all times subsequent thereto; that the suit was against her alone, without the joinder of her husband; therefore under such circumstances no judgment could be lawfully rendered against her.

Third, because the undisputed evidence shows that she signed the note under duress; that she was induced through fear to sign the same by reason of representations and threats made to her by plaintiff, to the effect that if she refused to sign the note that she and her husband would be prosecuted and sent to the penitentiary for forgery.

Fourth, because the undisputed evidence shows that the money paid by plaintiff to Dr. Wilson, which formed the consideration for the execution of the note by appellant, was paid to Dr. Wilson by plaintiff to prevent Dr. Wilson from prosecuting appellant and her husband for forgery; such payment being in violation of the penal laws of the state of Texas, and against public policy. And

Fifth, because the court erred in refusing to allow her to introduce in evidence a letter written by plaintiff to her of date February 7, 1925, which would tend to corroborate her testimony to the effect that plaintiff had represented to her that unless she signed the note both she and her husband would be sent to the penitentiary.

We think all of appellant's contentions should be sustained. The undisputed evidence shows that Billie Holiday and Mary Holiday were, at the time of the execution of the deed claimed to be a forgery, husband and wife: that they have never been divorced; that Billie Holiday, fearing prosecution, left his home shortly after the deed above mentioned was executed; that Billie and appellant, his wife, have been corresponding with each other ever since Billie left home;

that after Billie left home he had on three occasions visited appellant and sent for her to come to him; that after Billie left home for fear of prosecution, he came to visit appellant several times, and upon one of such visits he gave appellant $80 and upon another $75; that he came to see appellant on several occasions, and upon such occasions he spent the night with her; that appellant went to the town of Richards and Billie met her there, and the two went from there to Houston and they stayed together in Houston for four or five days.

Appellant testified that there was never a period of two years that she did not know where Billie was; that he was gone about two months before she heard from him; that Billie had been to see her three times since she signed the note and he sent for her to come to him.

On September 6, 1928, Billie wrote a letter from Delight, Ark., as follows:

"Delight Ark Sept 6 1928

"Hello Mary This leaves me very well & hope that you are the same Mrs. Ada at Palestine written to me telling me that they was a letter for me from Houston so I will get the letter next week for I am going back to Texas in a few days I have been over here nearly a month the particulars I cannot write you. But I am coming home to stay with you I am talking with lots of assurance but I know that is my Mary yet. For two nights I have dreamed of you. Mary I long so much about home what it takes for me to go back home I am striving to get it if I could have just held the hold I had in Trinity Co I would have been back home. Just as soon as I get back to Palestine I will get your letter How is son and sister neither one of them cares anything for me as good as I was to them I spent the best of my life for them I will write soon as I get back to Tex. Your Hb"

We think the evidence conclusively shows that appellant was a married woman at the time she signed the note sued on, and at the time this suit was filed, and therefore no judgment could have been legally rendered against her, and the judgment rendered was a nullity.

We also think that the evidence conclusively shows that the signature of appellant to the note sued on was obtained by duress.

We also sustain appellant's contentions 4 and 5 without comment.

For the reasons above expressed, the judgment is reversed, and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.