### RANDOLPH et al. v. ARMSTRONG.

### No. 2794.

Court of Civil Appeals of Texas. El Paso.

March 2, 1933.

N. R. Morgan, of Seminole, for plaintiffs in error.

E. P. Veal, of Seagraves, for defendant in error.

PELPHREY, Chief Justice.

This is a suit by defendant in error to recover on two promissory notes executed by Ed, W. R., and G. T. Randolph. Plaintiffs in error pleaded duress and total failure of consideration.

The facts as adduced at the trial, as they appear in the record, are:

"That at the time the notes sued upon were executed the defendant Ed Randolph was under indictment found by the grand jury of Gaines county, Texas, charged with a felony. That the plaintiff C. M. Armstrong was a member of said grand jury and furnished the evidence upon which said indictment was based.

"That W. R. Randolph, defendant, is the father of the defendant, Ed Randolph, and that the defendant G. T. Randolph is the brother of the defendant, Ed Randolph.

"That the defendant Ed Randolph was indebted to the plaintiff C. M. Armstrong for the purchase of a Ford car, and that W. R. Randolph, defendant, and the defendant, G. T. Randolph, were neither indebted nor under any obligations whatever to the plaintiff, C. M. Armstrong.

"That when the district court of Gaines county, Texas, convened, and the defendant Ed Randolph was out of jail on bond and W. R. Randolph and G. T. Randolph were in attendance for the trial of Ed Randolph, that O. M. Herring, attorney for the plaintiff, C. M. Armstrong, approved (approached) the defendants, the Randolphs, and proposed and requested some arrangement and agreement for settlement of the matter of the indebtedness of the defendant, Ed Randolph, to the plaintiff, C. M. Armstrong.

"That after discussing the matter C. M. Armstrong came out of the grand jury room and it was agreed by and between the parties that if the defendants Ed Randolph and W. R. Randolph and G. T. Randolph would pay Fifty Dollars cash, and execute the two notes, then the indictment against Ed Randolph would be dismissed.

"That O. M. Herring had so arranged with Mr. Price, the district attorney, and that the plaintiff C. M. Armstrong would use his best efforts and influence with said Price to have said indictment dismissed.

"That said indictment has not been dismissed, but is still in full force. C. M. Armstrong, the plaintiff, testified, that at the time the notes sued upon were executed that neither of the defendants, W. R. Randolph and G. T. Randolph, were indebted to nor under any obligations whatever to said plaintiff. W. R. Randolph testified that at the time the notes sued upon were executed, he was not indebted to nor obligated in any manner whatever to the plaintiff C. M. Armstrong and that the sole and only consideration that moved him to execute said notes sued upon was the plain and distinct agreement with the plaintiff C. M. Armstrong that the indictment then pending against his son Ed Randolph would be dismissed.

"The defendant, G. T. Randolph, testified that at the time the notes sued upon were executed, he was not indebted nor in any manner whatever obligated to the plaintiff, C. M. Armstrong, and that the sole and only consideration that moved him to execute the notes sued upon, was the plain and distinct understanding and agreement with the plaintiff C. M. Armstrong would have the indictment then pending against his brother Ed Randolph dismissed."

The pleadings of plaintiffs in error substantially set up these facts:

Contracts made in consideration of an agreement to dismiss a pending prosecution are contrary to public policy, are forbidden by article 428, Penal Code, and therefore unenforceable. 10 Tex. Jur. § 114, p. 198, and authorities there cited.

Upon the facts as above recited being shown, it became the duty of the trial court to instruct a verdict for plaintiffs in error, and his failure to do so constituted error.

The judgment in favor of defendant in error must be reversed, and judgment here rendered that he take nothing.