**MERRELL et ux. v. TIMMONS et al.**

**No. 10980.**

Court of Civil Appeals of Texas. Galveston.

May 2, 1940.

Rehearing Denied May 23, 1940.

T. H. Allin and J. Dixie Smith, both of Houston, for appellants.

E. R. Campbell, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a final judgment of the 55th District Court of Harris County, sitting without a jury, wherein appellants were denied any relief in their suit to have the $730 note of E. Frank Merrell to appellee ·Dorothy Hume Timmons—together with its supporting deed of trust of E. Frank Merrell and Donnie Merrell, his wife, to W. J. Walden, Trustee—declared void for lack of consideration, and as violative of Texas Penal Code, Article 428, and, instead, appellees were accorded, on their cross-action, a judgment against appellant E. Frank Merrell for the ascertained amount of such note, together with a foreclosure against both himself and his wife upon property described in the trust deed so securing it.

Otherwise than as recited in its decree, the trial court did not file findings of fact or law, nor were any requested.

In consequence, the appeal—there being a statement of facts brought up—is de-

terminable, if there be evidence to support them, upon the findings so made, together with such others as may properly be deemed to have been made, as in necessary support of the judgment rendered.

Appellants contend the court erred in so rendering its judgment, on these grounds:

(1) That the note and deed of trust were procured from them for an illegal purpose, in contravention of public policy, and through duress and threats of criminal prosecution of Roy O'Donnell, who was a friend of themselves; (2) that both note and deed of trust were without a valuable consideration—in fact, without any consideration at all; (3) that the deed of trust was procured from Donnie Merrell, wife of E. Frank Merrell, through deception and fraud; (4) that both note and deed of trust "were procured through coercion and fraud by Dorothy Hume (Timmons) threatening Roy O'Donnell with criminal prosecution to force him to pay her money he did not owe her, which threats induced the execution and delivery of said note and contract from E. Frank Merrell and wife, Donnie Merrell, to Dorothy Hume (Timmons)."

They support these presentments, serially, with citations of these authorities: (1) Seeligson v. Lewis et al., 65 Tex. 215, 57 Am.Rep. 593; Ward v. Scarborough, Tex.Com.App., 236 S.W. 434; Wegner Bros. v. E. J. Biering & Co., 65 Tex. 506; Prim et al. v. Farmers' National Bank, Tex.Com.App., 44 S.W.2d 943; Western Union v. Smith, Tex.Civ.App., 179 S.W. 548; Day et al. v. Mallard, Tex.Com.App., 228 S.W. 164; Gostick v. State, 110 Tex.Cr.R. 282, 8 S.W.2d 167; Welborn et al. v. Nor-Wood, 1 Tex.Civ. App. 614, 20 S.W. 1129; Holiday v. Holiday, Tex.Civ.App., 19 S.W.2d 127; Medearis et ux. v. Granberry et al., 38 Tex. Civ.App. 187, 84 S.W. 1070; Tex.Jur., Vol. 10, page 198. (2) White v. Rutherford, Tex.Civ.App., 10 S.W.2d 776; James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743; Tex.Jur., Vol. 10, page 111. (3) Wells v. Houston, 29 Tex.Civ.App., 619, 69 S.W. 183; Simon v. Garlitz, 63 Tex.Civ.App. 172, 133 S.W. 461; Robertson v. Shinn Grocery Co., Tex.Civ.App., 34 S.W.2d 367; Minardus v. Zapp, Tex.Civ.App., 112 S.W.2d 496; Tex.Jur., Vol. 7, page 906, and cited authorities. (4) Randolph

et al. v. Armstrong, Tex.Civ.App., 57 S. W.2d 927; Evans v. Beard, Tex.Civ.App., 70 S.W.2d 253; Duncan v. Piper, Tex.Civ. App., 79 S.W.2d 172; Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675.

The appellees, in answer, present two counter-propositions, in his verbis, as follows:

"(1) The execution and delivery of appellant's note, payable to Dorothy Hume (Timmons), and her acceptance thereof, in lieu of Roy O'Donnell's admitted liability to her, which obligation and liability she thereby released and extinguished to O'Donnell, constituted a good and valuable consideration for the execution of said note and the delivery thereof by said O'Donnell to her.

"(2) The Merrell note, having been executed and delivered to Dorothy Hume (Timmons) to be in lieu of Roy O'Donnell's liability and obligation to her, and she having released, discharged, and extinguished the same, in consideration of receiving and accepting said note, said note was not void as against public policy, or in violation of Article 428 of the Penal Code, because there was no criminal prosecution either pending or potential against Merrell, and there was no close family relationship between O'Donnell and Merrell, and Dorothy Hume (Timmons) made no agreement with O'Donnell or Merrell that she would procure the dismissal of the original prosecution then pending against O'Donnell in consideration of the execution and delivery of the note."

They, in turn, rely upon these citations: (1) 6 Tex.Jur., page 653 and 659, Sections 55 and 59, respectively. (2) Texas Penal Code, Article 428; Shriver v. McCann, Tex.Civ.App., 155 S.W. 317; Ward v. Ward, Tex.Civ.App., 68 S.W.2d 1071.

Under the conclusive if not undisputed evidence, as well as the findings of fact that must in consequence be attributed to it, the learned trial court is held to have been correct; the appellants, in so invoking the well-settled legal principles their cited authorities reflect, overlook the fact that, while there may have been some evidence tending to support the factual basis they rely upon, there was more the other way, hence the cause must be decided here upon what the court must have determined the controlling facts to be to have rendered the judgment it

did—there being, of course, evidence to support them.

Having thus overshot the reaches of their supporting testimony, their authorities likewise, especially those under their first presentment, deal with instances where the threat to prosecute, or the agreement not to prosecute, as the case might be, were made either directly to the person who had made the contract, or to a close family relative of such person, whereas, in the case at bar no such situation was shown to exist; quite the contrary, in that here, wherein Merrell and wife, not O'Donnell himself, seek cancellation of these papers on the averment that they were forced to execute them under duress and threats on the part of Dorothy Hume Timmons to prosecute O'Donnell, when, undisputedly, the indictment against O'Donnell had already been filed before the negotiations resulting in such papers had occurred, either between her and O'Donnell or between him and them; further, she, Mrs. Timmons, did not agree to have the indictment dismissed in consideration of the delivery to or the acceptance by her of the note and deed of trust, nor did O'Donnell so testify; neither was there any close family relation between Merrell and O'Donnell, they being merely business friends; not only so, but it likewise without question appears not only that O'Donnell did owe Mrs. Timmons the amount of this note, he having admitted accepting her figures thereon, but also that she never knew either of the Merrells, nor ever had any transaction or communication with them about these papers, or anything else, until after the maturity of the note, when she began efforts to collect it from them; so that, necessarily, whatever agreements, declarations, or representations were made by her concerning them were shown to have been made by her directly to O'Donnell in person.

It thus without controversy appeared that, in order to procure these obligations from O'Donnell, she made no threats to prosecute him if he did not procure them, nor promise nor agree to have the then-pending prosecution against him dismissed if he did procure them; much less was she shown to have made any such threats or promises to the Merrells, whom she had never seen nor had any dealings whatever with until afterwards, when she sought to collect the note after its maturity.

■ Of like inaccuracy is appellants' earnest insistence throughout their arguments that O'Donnell himself was shown not to have owed Mrs. Timmons the amount of this note, either in whole or in part; whereas, as this court reads the statement of facts, O'Donnell himself admitted that he owed it, and accepted her figures as to the total amount, though somewhat under protest. This position is based, however, upon what seems to be a rather naive claim that the obligation—without questioning its amount—was really that of the Fannin Construction Company, a corporation, and not of O'Donnell himself. Aside from the just-recited admission of O'Donnell that he himself did owe the full amount of the money, he otherwise explained that the corporation was, in effect, his alter ego, he being president of it, and it being merely the vehicle or other suit of clothes by means of which he carried on his personal and individual business. It is well settled in such instances that, to prevent injustice, our courts will look through the mere corporate form of things to the reality, and hold one who is in that manner and form merely carrying on transactions for and in behalf of himself personally; 10 Tex.Jur., Corporations, paragraph 49, page 648, and foot-note cited authorities.

■ Wherefore, as appellees' quoted propositions make manifest, it follows, under their supporting authorities cited supra, that the appellants' note and deed of trust to and for the benefit of Mrs. Timmons, having been executed to and accepted by her in lieu of O'Donnell's pre-existing debt to her, which she thereby released, did carry a valid consideration, hence the same was neither void in her hands, nor in violation of Penal Code, Article 428.

These conclusions require an affirmance of the challenged judgment; it will be so ordered.

Affirmed.