v.

The STATE of Texas, Appellee.

No. 27295.

Court of Criminal Appeals of Texas.

Dec. 1, 1954.

Robert M. COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 27219.

Court of Criminal Appeals of Texas.

Dec. 1, 1954.

Marvin C. Hanz, San Angelo, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is neglect and refusal to provide for the support of minor children; the punishment, 3 months in jail.

Appellant's former wife testified that she had been granted a divorce from him; that the custody of the two minor children named in the indictment had been awarded to her; that the appellant had been directed to pay $60 a month for the support and maintenance of the children, which sum had later been reduced to $40; and that he had only paid a total of $40 during the last twenty months. She stated further that on three occasions she had had the appellant "up" before the district court in an effort to get him to pay for the support and maintenance of the children, that she had appealed to the district attorney's office for help almost monthly, that she worked at night, and that she was in need of support for the children.

The district clerk corroborated her testimony as to the payments.

Victor Wilde, office manager of appellant's employer, testified that appellant had been employed for more than a year prior to the return of the instant indictment and that his average monthly earnings had been between $260 and $270 per month, less a few incidental expenses. Wilde further testified, over objection that the records themselves would be the best evidence, that the records of his office revealed that the appellant had claimed five exemptions for income tax purposes.

Appellant did not testify in his own behalf but offered his mother, who stated that she had been present shortly before the trial when the appellant had handed a woman with whom he was then living an unidentified sum of money and told her to go and pay his child support payments.

■ We find the evidence sufficient to support the conviction.

Bill of exception No. 1 complains of the failure of the trial court to instruct the jury to disregard the testimony of the witness Wilde to the effect that his records revealed that the appellant had claimed five exemptions for income tax purposes.

The bill itself and the record reflect that in his charge to the jury the court did so instruct the jury.

No error is reflected by the bill.

Appellant in his brief complains of the overruling of his motion for instructed verdict. He relies upon the recent opinion of this Court in Jones v. State, Tex.Cr. App., 261 S.W.2d 324, 327, and the cases cited therein. His contention seems to be that, since the indictment charged that the appellant had "deserted" his children as well as that he "neglected or refused to provide" for them, the proof does not support the conviction because the divorce decree had given the mother the custody of the children.

The trial court in his charge authorized a conviction only upon a finding that appellant wilfully neglected and refused to provide for the support of the children. Desertion of children was not submitted.

In the Jones case we said:

"As pointed out in the Freeman case [Freeman v. State, 103 Tex.Cr. R. 428, 280 S.W. 1069], and recognized in Gostick v. State [110 Tex.Cr. R. 282, 8 S.W.2d 167], the divorce decree and award of custody would not deprive the father of his legal and moral obligation to care for and support his children, the mother having no adequate means of furnishing the child adequate support."

■ Having proved that he failed to fulfill this obligation, we think the State discharged its burden under the indictment and the court's charge. The State may allege several means by which the statute is violated, and proof of either will support the conviction.

The judgment is affirmed.