### P. D. Freeman v. The State.

No. 9726.   Delivered March 3, 1926.

**1.—Child Desertion and Non-Support—"Desertion"—What Constitutes.**

Where a father has been divorced from his wife, the mother of his child whom he is charged with deserting, and the exclusive custody of the child awarded to the mother, the father having been legally deprived of the care and custody of his child, he could not thereafter, at least while the mother was exercising the right of custody of the child, be guilty of deserting it. Following State v. Baker, 112 La. 801; Wall v. State, 92 Tex. Crim. Rep. 549, and other cases cited. Also see Corpus Juris, Vol. 18, p. 969, and Words and Phrases, 2nd Series, Vol. 2, p. 13.

**2.—Same—Former Jeopardy—Exclusion of—Error.**

Where, on a charge of deserting, and failing to support and maintain a minor child, appellant presented a plea of former acquittal, and

the evidence presented sustained that part of the plea which went to the charge of deserting the child, the court erred in declining to entertain or submit to the jury the plea of former acquittal.

### 3.—Same—Remarks of District Attorney—Held Error.

Where appellant was attempting to call the attention of the court to his plea of former acquittal, the State's Attorney said in the presence of the jury that if the court permitted the appellant to present a plea of former acquittal, the State would present and prove a former conviction, meaning that the State would prove that appellant had been formerly convicted for deserting and failing to support the child, such misconduct of the district attorney called for a reprimand, and is sufficient cause for a reversal of the case.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ray Scruggs, Judge.

Appeal from a conviction for desertion and non-support of minor child, penalty sixty days in the county jail.

The opinion states the case.

*Castle & Coffee* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Child desertion and non-support is the offense; punishment fixed at confinement in the county jail for a period of sixty days.

Appellant was charged in two counts in violation of Art. 602 of the Penal Code of 1925, the information using these words:

"* * * did then and there willfully and without justification *desert,* neglect, fail and refuse to provide for the support and maintenance of his said child being then and there in destitute and necessitous circumstances."

The date of the offense was laid on the 26th day of February. Appellant presented a plea of former acquittal in which it was averred that upon a complaint and information making against him the same charge he was, on the 6th day of February, 1925, acquitted of the offense. A jury was called and evidence was heard which was confined to his conduct subsequent to February 6, 1925. The court declined to entertain or submit to the jury the plea of former acquittal. In so far as the plea is addressed to that part of the statute charging non-support of the child it is not sustained by the evidence. It is believed, however, that upon the undisputed facts, that part of the plea which went to the charge of deser-

tion was sustained. The appellant and his wife had been divorced in 1923. She was awarded the exclusive custody of the minor child. No provision for its support appears to have been made. The appellant having by the judicial branch of the government been legally deprived of the care and custody of his child and such custody was conferred upon his wife alone, he could not thereafter, at least while she was exercising the right of custody of her child, be held guilty of desertion. "Desertion" is defined as "an act by which a man quits the society of his wife and children, or either of them, and renounces his duties towards them." State v. Baker, 112 La. 801, 36 S. W. 703; Corpus Juris, Vol. 18, p. 969; Words & Phrases, 2nd Series, Vol. 2, p. 13; People v. Dunston, 173 Mich. 368; 42 L. R. A. (N. S.) 1065; Wall v. State, 92 Texas Crim Rep. 549.

The decree of divorce, however, having made no provision for the support of the child and it affirmatively appearing from the evidence that the mother had no adequate means of supplying it with the necessities, appellant's obligation to furnish it maintenance and support continued notwithstanding the divorce and the custody awarded to the mother. See Gully v. Gully, 231 S. W. Rep. 97, and authorities therein cited, notably Speer v. Sykes, 102 Texas 451, wherein it is said:

"The fact that the court awarded the custody of the minor children to the wife did not deprive Sykes of his paternal interest in them, nor did it discharge him from his legal and moral obligation to care for and support them. They were still his offspring and a part of his family."

While the controverted evidence is sufficient to support the finding by the jury that the appellant willfully neglected to provide for the support and maintenance of his child after February 6, 1925, and prior to the filing of the complaint, the jury should not have been authorized to convict him of the desertion of his child.

When the appellant attempted to call the court's attention to his plea of former acquittal, the State's Attorney said, in the presence of the jury, that if the court permitted the appellant to present a plea of former acquittal, the State would present and prove a plea of former conviction. In fact, it was proved upon the trial that the appellant, at some time subsequent to the divorce and prior to February 6, 1925, had been convicted of deserting his child and failing to support it. There was assessed against him upon that occasion a penalty of confinement in the county jail for a period of sixty days, which penalty, we understand from the record, he had suf-

fered. Appellant had a right to present his plea of former acquittal. The averment in the indictment that the offense took place on the 26th day of February, 1925, was not conclusive against the State and would not have prevented it from proving an offense at any date within the period of limitation.

The conduct of the prosecuting attorney in making the statement that if the court permitted the filing or presentation of a plea of former acquittal, he would present and prove a plea of former conviction, was improper and called for a reprimand by the court. This was accentuated by subsequent transactions. When the appellant attempted to prove his former acquittal, the prosecuting attorney asked him if it was not a fact that his acquittal was the result of a technicality. The objection to this remark was sustained, but the jury was made to know through the testimony of the appellant's wife that he had previously been convicted of the neglect of his child, and the desertion of it, and had served two moths in jail.

The matters to which we have adverted are before this court for review. Without going into further detail, the errors committed were such as to warrant and require a reversal of the judgment. It is accordingly ordered.

*Reversed and remanded.*