### I. T. JONES V. STATE.

No. 26,175.   May 6, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion)   June 10, 1953.
Writ of Certiorari Denied by Supreme Court of the
United States October 9, 1953.

*Matt Davis*, Gilmer, and *Cofer and Cofer*, Austin, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

APPELLANT'S SECOND MOTION FOR REHEARING.

WOODLEY, Judge.

The former opinions delivered on this appeal are withdrawn and the following substituted therefor.

The indictment charged that on or about May 5 ,1951, appellant wilfully deserted, neglected and refused to provide for the support and maintenance of Marine Jones, Betty Jones and T. George Jones, each alleged to be his child under sixteen years of age.

The case was submitted to the jury under a charge to which there were no objections, and the jury found appellant guilty and assessed his punishment at a fine of $400.00.

Judgment was entered on the verdict adjudging appellant guilty of "child desertion as found by the jury," from which judgment this appeal is prosecuted.

Appellant defended and now challenges the conviction upon two grounds.

Appellant was divorced from the mother of the children named on August 11, 1944. The decree of divorce was offered in evidence and it appears therefrom that two of the children,

Marine and Betty, were among the three awarded to the mother. Also it appears that other of the children referred to in the decree were awarded to appellant, and it was ordered "that plaintiff and defendant support the respective children awarded to them." The third child named in the indictment, T. George Jones, was not mentioned in the divorce petition or decree, and no provision was made for his custody or support.

It is appellant's contention that as to the children awarded to the mother, the divorce decree is a complete bar to the prosecution and conviction of appellant for wilfully deserting or neglecting to provide for their support and maintenance. With this contention we are unable to agree.

In Gostick v. State, 110 Tex. Cr. R. 282, 8 S.W. 2d 167, and in Freeman v. State, 103 Tex. Cr. Rep. 428, 280 S.W. 1069, cited by appellant, we held that a father could not be guilty of deserting his child under sixteen years of age, the divorce decree having awarded custody of such child to the mother who at the time involved had custody of the child to the exclusion of the child's father, her divorced husband.

As was said in the Freeman case, "desertion" is defined as "the act by which a man quits the society of his wife and children, or either of them, and renounces his duties toward them." The father then could not wilfully desert a child where by order of the court he had been deprived of its custody, the wife then exercising full custody and control of the child.

As pointed out in the Freeman case, and recognized in Gostick v. State, the divorce decree and award of custody would not deprive the father of his legal and moral obligation to care for and support his children, the mother having no adequate means of furnishing the child adequate support.

It is true that in the Freeman case the divorce decree contained no provision for support of the child. We hold that the rule applies also where the decree provides that the mother shall support the child, if the proof shows also that she is unable or for any reason has failed or refused to furnish adequate support for the child.

In such case, however, it being necessary to show that the father wilfully failed in his obligation to provide for the child, his failure could not be said to be wilful unless he knew that

the mother had failed in her obligation and he was able to provide for the child's support but would not.

For the reason hereinafter stated, we find it unnecessary to pass upon the sufficiency of the evidence in the light of the divorce decree to show that appellant's failure to support the two children whose custody and burden of support was placed with the mother was wilful.

The indictment alleging the desertion and failure to support three named children of the accused under sixteen years of age, proof by the state that he wilfully deserted or neglected to provide for the support of one of such children under sixteen years of age is sufficient to sustain a conviction, and the state is not bound to prove that all of the named children were children of the accused under sixteen years of age and were deserted or neglected by him.

As stated, the third child named in the indictment was T. George Jones. What has been said regarding the effect of a divorce decree and its provisions for custody and support has no application to him for the reason that he was not named or provided for in the decree.

Appellant's second ground of defense deals with T. George Jones and was that he is not in fact the child of appellant. Appellant urges that the proof is insufficient to show that he is the father of T. George Jones, and also that the trial court erred in refusing to permit him to introduce testimony to show that he is not the father of T. George Jones.

Hester Black, the mother of T. George Jones, testified that he was eight years of age, and was the son of appellant. The objection "because the record would be the best evidence" was properly overruled.

She also testified that appellant came back to her as late as February of 1944, but after that time they did not live together as husband and wife; that T. George Jones was born February 12, 1944; that appellant was talking about getting the divorce before T. George was born.

The petition for divorce was filed February 15, 1944, and the decree is dated August 11th of the same year. The petition alleged that the parties separated on or about August 1, 1943.

Appellant testifying in his own behalf admitted that he had not contributed to the support of T. George Jones, nor given anything to his mother since he "quit her."

Asked by his counsel why he had not given T. George Jones any money, appellant replied "because he wasn't mine." The state's objection to the answer was sustained, the ground being that the father was not permitted under the law to question the legitimacy of a child born to his wife during wedlock.

We find no error in this ruling of the court. We hold that the trial court correctly ruled that neither the husband nor wife may by their testimony question the legitimacy of a child born to the wife and conceived during the existence of the marriage relation. See Lambert v. State, 124 Tex. Cr. Rep. 33, 60 S.W. 2d 460; Mayer v. State, 41 S.W. 632; Hicks v. State, 97 Tex. Cr. Rep. 629, 263 S.W. 291.

Appellant appears to have offered no testimony other than his own tending to show that T. George was not conceived during the existence of the marriage relation and prior to the separation, and no evidence was offered to show that appellant could not have been the father of said child. The state's proof that T. George was the son of appellant as alleged in the indictment therefore stands unchallenged.

The evidence shows without question that appellant was so situated as to be able to provide for the support of this child. There is nothing to indicate that his failure to so provide was not wilful. We cannot consider appellant's claim that he was not the father as an excuse for his conduct for the reason that it was excluded by the trial court because the parent is not permitted to question the legitimacy of the child by his testimony.

Testimony offered by the state, over objection of appellant, to the effect that the mother of the children was in poor health; that she needed help to clothe and furnish school supplies for the children, which was provided by an elder son and by the Texas Department of Public Welfare, was admissible as showing the circumstances of the children and their need for the father's support. If known to him, the testimony was also admissible on the question of the wilfulness of appellant's failure to support.

We find no error in the court's permitting state's counsel

to interrogate witnesses "about matters pertaining to the acts of the welfare department."

Zorah Gooding testified that she investigated the matter of the children of appellant and his ex-wife Hester Black, in connection with her official duties with the Texas Department of Public Welfare. She testified that she had occasion to write letters to appellant, and was asked the purpose of her writing the letters. Appellant's objection was sustained, the witness having testified that all the knowledge she had about the case was that acquired in the course of her official duties with the department.

The error, if any, was against the state. Appellant was asked if he received letters requesting that he contribute to the support of his children. Objection was properly overruled. He replied that he had not seen such letters.

The state was not permitted to prove by the witness Zorah Gooding that she had written and mailed such letters, the learned trial judge holding that such testimony would be in violation of Sec. 33, Sub-Sec. 1 of Art. 695c V.A.C.S.

We do not construe the statute mentioned as prohibiting an employe of the Texas Department of Public Welfare from testifying as to what the witness may have observed as to the condition of children for whom aid is sought or extended by the department, nor testimony as to any report that such employee-witness may have made to the accused concerning the children's needy circumstances. We think the act does not prohibit testimony as to any report such employee may have made to the department, and any action taken on such report.

Appellant objected to T. George Jones being permitted to testify but stated no ground for such objection. The exception is insufficient and no abuse of discretion on the part of the trial judge is shown. Hawkins v. State, 27 Tex. App. 273, 11 S.W. 409.

Appellant sought to introduce evidence of his good reputation for truth and veracity and for honesty and fair dealing.

We fail to perceive any issue arising under the accusation or facts which would render admissible such testimony.

In Matthews v. State, 80. Tex. Cr. R. 177, 189 S.W. 491, we

held that proof of good reputation for truth was not admissible unless the reputation had been attacked for that trait of character or contradictory statements were shown to have been made.

Nor do we think that the accusation against appellant or any facts in evidence authorized proof of his reputation for honesty and fair dealing, especially in view of the fact that appellant was permitted to prove his good reputation for being a peaceable and law-abiding citizen.

All former opinions having been withdrawn and the case decided upon a theory different from that discussed in former opinions, we have herein discussed and decided all contentions raised, and appellant will be permitted to file a further motion for rehearing if he so desires.

The judgment is affirmed and appellant's second motion for rehearing is overruled.