Ralph LEE, Appellant,

v.

Robert Lee PURVIN et al., Appellees.

No. 3301.

Court of Civil Appeals of Texas.
Waco.

Dec. 22, 1955.

Rehearing Denied Jan. 12, 1956.

Mullinax & Wells, Dallas, for appellant.

Earl R. Parker, Freeman Mittenthal, Dallas, for appellees.

HALE, Justice.

Ralph Lee, appellant, brought this action in the Juvenile Court of Dallas County as the petitioner in a Bill of Review to set aside a prior judgment of adoption rendered in that court on December 22, 1952. By the term of the adoption judgment, Robert L. Purvin, hereafter referred to as appellee, was granted leave to adopt the two minor sons of appellant without the latter's knowledge or consent. Trial before the Court without a jury on the Bill of Review resulted in judgment confirming the former decree of adoption and denying any relief to appellant.

Under points one to eight in appellant's brief, he contends in substance that the undisputed evidence in the case shows conclusively that he did not voluntarily abandon and desert his children and leave them

to the care, custody and control of others, and that he did not refuse or voluntarily fail for a period of two years to contribute to their support, within the purview and meaning of the applicable law. Therefore, he says the trial court erred in refusing to grant him any relief. He also asserts that the judgment of the trial court denying him any relief was and is against the great weight and preponderance of the evidence.

The record before us discloses that appellant and the present wife of appellee were formerly husband and wife, having married on March 2, 1934, and that they continued such relationship until July 7, 1950, when Mrs. Purvin, who at that time was Mrs. Frances Lee, secured a divorce from appellant in the District Court of Dallas while he was a patient at a mental institution in North Carolina. The two boys involved in the suit were born of that marriage, the older boy having been born on October 23, 1937 and the younger on November 24, 1944.

By the terms of the divorce decree of July 7, 1950, the custody of the two boys was awarded exclusively to Mrs. Lee (now Mrs. Purvin), appellant was denied the right to visit the children, and all community property of the parties was awarded to Mrs. Lee. It was further ordered in the divorce decree "that the defendant be not required at the present time to pay child support for the use and benefit of said minor children until such time as it may appear to the Court, when properly presented to the Court, that the said defendant is financially able to provide such support, and then the amount of such support to be furnished by him shall be dependent upon the needs of the children and his financial status at the time it is presented to the Court." There was no showing on the present trial that any change had been made in the foregoing provision of the divorce decree with respect to child support.

Mrs. Purvin was married to appellee on April 1, 1951, and since that time she and her children have been maintained and supported by him. The evidence indicates that appellee is a man of considerable wealth, and he has provided well for his wife and her children. Under date of June 23, 1952, appellant's attorney wrote Mrs. Purvin a letter, advising her that he had been retained by appellant to seek modification of the divorce decree to the extent necessary to permit his partial custody of the children, stating therein that "Mr. Lee feels that he is in a financial position to contribute to their support and to provide them with a good home and the love of their father." After Mrs. Purvin received this letter, a conference was held between the attorney representing her and her husband and the attorney representing appellant, but no arrangement was made by the parties acting through their attorneys whereby appellant could see or talk with either of his children. Thereafter, on August 1, 1952, appellee, joined by his wife, filed his petition in the Juvenile Court for leave to adopt the two children, and in the judgment granting the petition it was recited "that the said Ralph Lee has abandoned the said minor children * * * for more than two years immediately preceding the filing of this petition and he has not contributed to the support of said minor children during such period * * *."

Appellant did not consent to the proposed adoption of his children and his parental rights had not been terminated by any Court order prior to the time of the purported adoption on December 22, 1952. He had no notice, actual or constructive, of the adoption proceedings until he learned of the same for the first time on May 18, 1953. He brought this action to set aside the adoption decree on June 3, 1953.

Section 6, art. 46a, Vernon's Tex. Civ.Stats., as the same was amended in 1937 and as it continued in effect until it was again amended in 1951 provided in part as follows:

"Except as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child; provided,

however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to obtain the written consent of the living parent or parents in such default, * * *."

■ We think the public policy of this State, as expressed in all of the adoption statutes which have been enacted or amended by the Legislature from time to time, has been to protect the sanctity of the home and the natural relationship existing between parent and child by providing that no adoption of the normal offspring of worthy parents should be permitted except with the written consent of the living parents of the child sought to be adopted. Any other policy would, in our opinion, do violence to the fundamental concepts upon which our social order rests and would tend to establish a form of Statism not to be tolerated in this country. It is readily apparent from a casual reading of that portion of the adoption statutes above quoted that under its provisions no adoption is authorized except with the written consent of the living parents, unless such parent or parents shall have proven himself, herself, or themselves unworthy by abandoning and deserting for a period of two years the child sought to be adopted.

■ In the case of Strode v. Silverman, 209 S.W.2d 415, 419, er. ref. n. r. e., this court said:

"Voluntary abandonment, as used in the adoption statute, does not include an act or a course of conduct pursued, by a parent which is done through force of circumstances or dire necessity, but it is used more in a sense of a wilful act or course of conduct, and such as would imply a conscious disregard or indifference to such child in respect to the parental obligation that the parent owes to such child. Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682."

■ Although the judgment granting leave for appellee to adopt the two children here involved recites that appellant had abandoned them for more than two years immediately preceding August 1, 1952 and had not contributed to the support of the children during such period, the trial court in the present proceeding did not expressly make such finding of fact. While the court in the present proceeding filed findings of fact and conclusions of law, there was no express finding therein that appellant did or did not abandon and desert his children. But if there was any finding of fact, either express or implied, to the effect that appellant voluntarily abandoned and deserted either of his children for a period of two years, and voluntarily left them to the care and custody of others, or that he voluntarily failed and refused to contribute to the support of his children during such period of two years commensurate with his financial ability, then such findings of fact, and each of them, are without sufficient support in the evidence and are so clearly against the overwhelming weight and preponderance of the evidence in this record as to be manifestly wrong and unjust. Indeed, it has been held as a matter of law in this State that where the wife in a divorce action is awarded exclusive custody of the minor child of herself and her husband, the former husband and father cannot thereafter be guilty of child desertion. Freeman v. State, 103 Tex.Cr.R. 428, 280 S.W. 1069, Pt. 1. See also Gostick v. State, 110 Tex. Cr.R. 282, 8 S.W.2d 167, Pt. 1.

At the close of the evidence introduced by appellant on the present trial, the attorneys for appellee presented to the court a motion for judgment in his favor on the ground that neither the pleadings nor the evidence of appellant entitled him to any relief. This motion was sustained and judgment was rendered accordingly. As

we understand the brief on behalf of appellee, it is the contention of his attorneys that he was not required to show that appellant had voluntarily abandoned and deserted his children for a period of two years in order to adopt them without appellant's consent; that Section 6, art. 46a, Vernon's Tex.Civ.Stats. as amended in 1951, does not require abandonment and desertion as a condition precedent to a valid adoption without the consent of the living parent or parents of the child sought to be adopted; and that "notwithstanding the statute does not require abandonment, appellant did abandon his children and refuse to meet his legal obligation to them for a longer time than required by the statute before the amendment of 1951." Therefore, he says the judgment here appealed from should be affirmed. We cannot agree with these contentions or the conclusion sought to be drawn from the same.

In his verified Bill of Review, appellant alleged fully and in detail the facts relied upon by him for the relief therein sought. This pleading covers 20 typewritten pages in the transcript. It alleges the existence of all the controlling facts heretofore set forth in this opinion and, in addition thereto, it alleges further facts which, if true, show that appellant, without any dereliction of duty or bad faith on his part, has been the recipient of what we regard as unfair treatment in so far as the attempted adoption of his children is concerned. According to his pleadings, at all times while the divorce suit was pending against him at Dallas, he was confined in Timberlawn Hospital in Dallas or at Graylyn Hospital in Winston Salem, North Carolina, upon the authority of his wife, and was neither represented in person or by attorney of his choice, selection and approval at said divorce hearing. Immediately after the divorce suit was filed on June 7, 1950, appellant's wife sought and secured a temporary restraining order, restraining him from disposing of any of their community property, from communicating with Mrs. Lee in any manner, and from entering upon the premises where the parties had been residing together. Having submitted to what is known as electric shock treatments while a patient at the Hospital in North Carolina, appellant was released from that Hospital and returned to Texas some time in the latter part of August or the early part of September of 1950. But by the terms of the divorce decree, the custody of his children had been awarded exclusively to his former wife, he had been denied any right of visitation and had been stripped of his interest in the community property. He testified without dispute that when he returned to Texas from North Carolina, he was practically penniless, with a sick mother who also needed assistance from him. It appears from his pleadings and evidence that he has fully recovered from the illness for which he was treated in the summer of 1950. After offering, through the letter from his attorney to Mrs. Purvin on June 23, 1952, to contribute to the support of his children, although he had been expressly relieved from any payment for child support by the terms of the divorce decree, he undertook to comply with certain conditions, as he understood them, which would probably result in an agreement between the parties to modify the divorce decree so as to permit him to visit with his boys at reasonable times and fix the amount of child support he should pay. While such negotiations were pending between the attorneys for the respective parties, appellee, joined by his wife, filed his verified petition for leave to adopt the boys, wherein he and his wife stated unequivocally under oath as follows: "That the said Ralph Lee has abandoned the said minors James Kenneth Lee and Ralph Dwain Lee, for a period of more than two (2) years immediately preceding the filing of this petition, and he has not contributed to the support of said minor children during such period. * * * That by reason of the facts concerning the abandonment of said children and failure to contribute to the support of said minor children by the said Ralph Lee, natural father, as set out here and above, the written consent of the said Ralph Lee to the adoption is not necessary nor required by law, his parental rights having been terminated in said minor chil-

dren, and this Honorable Court should so declare by its judgment."

■■ It is thus clear from the petition of appellee for permission to adopt the boys here in controversy, as well as from the judgment granting such permission, that the proceeding was instituted and prosecuted to judgment upon the theory that such permission could not be granted without the written consent of appellant unless it was shown that he had abandoned his children for a period of two years immediately preceding the filing of the petition. Even though it should be held that under the 1951 amendment, which became effective on September 7, 1951, abandonment is not a necessary prerequisite to adoption without the consent of the living parents of the child sought to be adopted, appellee did not attempt to predicate his action upon a retroactive application of such amendment, and we do not think he should be permitted in this court to rely for confirmation of the adoption judgment upon a theory which was not raised by him in the trial court. Furthermore, the petition of appellee for adoption alleged that he had not obtained from appellant any written consent papers, but he did not therein specify which of the two disjunctive exceptions to the necessity for such consent was applicable, as is required by Section 1a, art. 46a, in the 1951 amendment. Although appellee and his wife undoubtedly knew the whereabouts of appellant and his attorney at all times subsequent to June 23, 1952, it does not appear from this record that they ever furnished such information to the Judge of the Juvenile Court, to the investigator appointed by the Court, or to the executive director of the State Department of Welfare, as required by Section 1c, art. 46a, in the 1951 amendment. Consequently, under the holding by the Austin Court of Civil Appeals in Burran v. Fuller, 248 S.W.2d 1015, appellee's petition for adoption was insufficient to invoke the jurisdiction of the Juvenile Court in that proceeding under the 1951 amendment of the adoption statute.

■■ The ninth point in appellant's brief is as follows: "Art. 46a of Revised Civil Statutes of Texas, permitting an adoption of appellant's children without his consent and without notice to him of any nature of such adoption proceedings is an unconstitutional deprivation of petitioner's children without due process of law and void." Although this court entertains serious doubt as to the correct solution of the problem presented by the foregoing point, we are constrained to overrule the contention of appellant thus presented on the authority of Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217 and De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687. We believe, however, that where the living parents are without notice of adoption proceedings, and where they do not give written consent for such adoption, they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of adoption. Such, as we understand it, is the substance of the holding by the Supreme Court in the case of De Witt v. Brooks, 143 Tex. 122, 182 S. W.2d 687, supra.

■ This appeal does not involve any issue of law or fact as to whether any portion of the divorce decree which was rendered on July 7, 1950 should be modified and, consequently, we are not called upon to decide whether appellant should be granted the right to partial custody of either of his boys or the right to have them visit with him. The only relief sought by appellant's Bill of Review was to have the adoption judgment set aside. Because we have concluded that the judgment of the trial court denying appellant any relief herein was and is against the great weight and preponderance of the evidence, it becomes our duty to reverse the judgment appealed from and remand the cause to the court below for a full hearing on the issue of whether sufficient facts existed as to authorize the entry of a judgment granting appellee leave to adopt the two boys in controversy. Fuller v. Burran, 151 Tex. 335, 250 S.W.2d 587.

Accordingly, the judgment of the court below is reversed and the cause is remanded to that court for another trial.