EUGENIO GOMEZ V. STATE

No. 28,159. March 14, 1956.

State's Motion for Rehearing Denied
(Without Written Opinion) April 25, 1956.

*Neal Dancer, Corpus Christi,* for appellant.

*John H. Miller,* District Attorney, *Joseph C. Termus,* County Attorney, Sinton, and *Leon Douglas,* State's Attorney Austin, for the state.

DAVIDSON, Judge.

This is a conviction for child desertion, with punishment assessed at one year in the penitentiary.

The indictment charged that on or about January 1, 1955, appellant did wilfully desert, neglect, and refuse to provide for

the support and maintenance of his two children, each under the age of sixteen years.

The indictment was filed on September 22, 1955. The case was submitted by the trial court to the jury upon the allegations of the indictment—that is, the wilful desertion, neglect, and refusal to provide for the support of the children.

The jury returned the following verdict:

"We, the Jury, find the defendant guilty and assess his punishment at confinement in the penitentiary for one year."

Upon that verdict the trial court entered judgment finding appellant guilty of the "offense of child desertion as found by the Jury."

In accordance with that judgment, sentence was passed upon appellant, in which it was recited that he had been "adjudged to be guilty of child desertion."

In the charge, the question of suspension of sentence was submitted to the jury but the trial court authorized a suspension of sentence only in the event of a finding of guilt of "child desertion."

The foregoing facts are set forth to show that the only offense for which appellant was convicted was that of child desertion and that such was the only offense the trial court intended to submit to the jury.

The undisputed evidence shows that, long prior to the alleged date on which appellant deserted his children, his wife, the mother of the children, had been granted a divorce from him, in which proceeding the custody of the children had been expressly awarded to the mother.

A father cannot be held to be guilty of having deserted his children the custody of whom a court, in a divorce proceeding, had taken from him and placed in another. Freeman v. State, 103 Tex. Cr. R. 428, 280 S.W. 1069; Gostick v. State, 110 Tex. Cr. R. 282, 8 S.W. 2d 167; Jones v. State, 159 Tex. Cr. R. 18, 261 S.W. 2d 324.

The state contents that the Jones case has overruled the rule above stated.

The Jones case is not susceptible of such construction. To the contrary, it supports and re-announces the rule. Attention is called to the fact that the affirmance of that case was predicated upon proof showing desertion of a child the custody of whom a divorce decree had not taken from the accused and placed in another. As finally determined, the question of desertion of a child whose custody, by a divorce decree, had been taken from the parent was not in the Jones case.

Because of the evidence not sustaining appellant's conviction for child desertion, the judgment is reversed and the cause is remanded.