**Ex parte Oscar Howard PAYNE, Adoption.**

**No. 3467.**

Court of Civil Appeals of Texas.

Waco.

March 28, 1957.

Rehearing Denied April 18, 1957.

———◆———

Walter L. Wray, Dallas, for appellant.

Earl Parker, Burt Barr, Clayton Fowler, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal by the natural father, Walter L. Wray, from a judgment granting leave to Oscar Howard Payne to adopt the minor child Lyndon Lee Wray; changing the child's name to Lyndon Lee Payne; and terminating all rights of care, control, custody, and visitation of the natural father.

The appellant Walter L. Wray was formerly married to Gradys A. Payne, now wife of Oscar Howard Payne. Appellant and Gradys A. Payne are the parents of the minor child Lyndon Lee Wray, now 11 years old. On 1 March 1954 Walter L. Wray and Gradys A. Payne were divorced. The decree of divorce awarded custody of the minor child to the mother, gave the father (appellant) the right of visitation on alternate Sundays, found that the mother was financially able to supply the child with his needs and requirements, and did not require the father to make any contribution for support.

Thereafter on 26 June 1954 the child's mother married Oscar Howard Payne. On 21 June 1956 Oscar Howard Payne filed for leave to adopt the child, and also prayed that the child's name be changed from Wray to Payne. Such application for adoption alleged that the natural father had not contributed to the child's support for more than two years commensurate with his financial ability. Appellant Walter ·L. Wray *did not* file any consent to such adoption, and was served to answer the applicant's petition. Walter L. Wray, the natural father, contested. the application and alleged that Lyndon Lee Wray was not subject to adoption without his consent; that he, Walter L. Wray, is a person 78 years of age, practically blind, and is unable to earn money or salary; that he has. no real or personal property and his financial condition will not permit making regular contributions for the support and maintenance of the child; that he has, however, upon visits with the child made such contributions toward the child's maintenance as he was able; that the divorce decree did not require him to make contributions; that he has not been by petitioner and his former wife permitted to have the child at the times fixed by the divorce judgment for visitation.

The Trial Court, after hearing, entered judgment finding the child a proper subject for adoption, finding that the natural father, Walter L. Wray, had wholly failed to contribute to the maintenance and support of the child for more than two years next preceding the filing of the adoption commensurate with his financial ability; and granted petitioner leave to adopt the child; changed the child's name from Wray to Payne; and terminated the rights of the natural father.

The natural father, Walter L. Wray, appeals.

The Trial Court filed Findings of Fact and Conclusions of Law as follows:

### Findings of Fact

"1) On 1 March 1954 Gradys A. Payne was granted divorce from Walter L. Wray and was given custody of Lyndon Lee Wray.

"2) That Walter L. Wray failed to contribute to the child's support for

more than two years commensurate with his financial ability.

"3) That Oscar Howard Payne and Gradys A. Payne were married on 26 June 1954; are each adults and residents of Dallas County, Texas.

"4) That the minor they are seeking to adopt is a boy, Lyndon Lee Wray, age 10 years, the son of Gradys A. Payne and Walter L. Wray.

"5) That the minor child has lived in the home of petitioner for more than six months.

"6) That all parties are white people.

"7) That it would be to the best interests of the minor child to change his name from Wray to Payne."

## Conclusions of Law

"I conclude by the acts of the contestant, Walter L. Wray, that he has abandoned his child and has forfeited all rights to said child, and has failed to contribute to the support of said child for more than two years commensurate with his financial ability, and that petitioner is entitled to adopt said child."

Article 46a, Vernon's Ann.Civ.St., which is the Texas Adoption Statute, provides:

"* * * Sec. 6. Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; *provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, and control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default * * *"*

In the case at bar the natural father, Walter L. Wray, did not give his consent to the adoption of his child by petitioner. The Trial Court found that Walter L. Wray had failed to contribute to the child's support for more than two years commensurate with his financial ability, and then concluded as a matter of law that "by the acts of the contestant Walter L. Wray, that he has abandoned his child and has forfeited all rights to said child, and has failed to contribute to the support of said child for more than two years commensurate with his financial ability, and that petitioner is entitled to adopt said child."

 As to the Trial Court's conclusion "that Walter L. Wray abandoned his child and has forfeited all rights to said child", the record will not sustain such finding and conclusion, and indeed the petitioner himself does not even plead or contend an abandonment of the child by the natural father. Voluntary abandonment, as used in the adoption statute, does not include an act or course of conduct pursued by a parent which is done through force of circumstance or dire necessity, but is used more in a sense of a wilful act or course of conduct, and such as would imply a conscious disregard or indifference to such child in respect to the parental obligation that the parties owed to such child. Strode v. Silverman, Tex.Civ.App., 209 S.W.2d 415, W/E Ref. NRE; Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682, Er. Ref. W.M. The record here is that the mother was awarded custody of the child in the divorce decree, and that the father was accorded privileges of visitation. The father made many efforts to effect visitation with the child, including legal action. As a matter of law, where a wife in a divorce action is awarded custody of the minor child of herself and husband, the former husband and father cannot thereafter be guilty of child desertion. Freeman v. State, 103 Tex.Cr.R. 428, 280 S.W. 1069; Gostick v. State, 110 Tex.Cr.R. 282, 8 S.W.

2d 167; Lee v. Purvin, Tex.Civ.App., 285 S.W.2d 405, Er.Ref.NRE. The Trial Court's conclusion that the natural father abandoned his child is not sustained.

We come now to consider the Trial Court's finding and conclusion that the father, Walter L. Wray, failed to contribute to the support of the child for more than two years commensurate with his financial ability, and that for such reason petitioner was entitled to adopt the child.

■ The record before us shows that the father, Walter L. Wray, was at the time of the divorce in March 1954 a man 78 years of age, that he was almost blind; that the mother was a much younger woman and was at that time earning $2,700 per year; is now earning $4,200 per year; and that her new husband is earning $5,000 per year. The Trial Court, in granting the divorce, awarded the mother care and custody of the child; found that she was financially able to take care of him; accorded the father reasonable visitation, but did not require him to contribute to the child's support. Thereafter petitioner endeavored by legal action to have the father required to contribute to the child's support, but the court failed to so decree. On numerous occasions the father sought the aid of the courts to enforce his rights of visitation with his child.

The record before us reflects that the father is now 79 years of age; nearly blind; owes money; is destitute; that two courts have passed on the matter and did not require him to contribute to the support of the child. The father testified, however, that he *did* make a number of small contributions to the child, and this was not challenged or disputed.

In this state of the record we do not think that the Trial Court's finding and conclusion that Walter L. Wray, the natural father, failed to contribute to the support of his minor child for more than two years commensurate with his ability, is sustained. We further think that the find-

ings of the Trial Court in this regard are so clearly against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Moreover, we think the evidence is insufficient (under the provisions of Sec. 6, Art. 46a) to sustain the Trial Court's findings of fact and conclusions of law. See: Lee v. Purvin, Tex.Civ.App., 285 S.W.2d 405, Er.Ref. NRE; Jones v. Willson, Tex.Civ.App., 285 S.W.2d 877, Er.Ref.NRE; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286; Fuller v. Burran, 151 Tex. 335, 250 S.W.2d 587.

Accordingly, the judgment appealed from is reversed and the cause remanded.

Reversed and remanded.