**Julio T. MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36870.

Court of Criminal Appeals of Texas.

April 22, 1964.

Rehearing Denied June 10, 1964.

Jack Paul Leon, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Ted Arevalo and Joseph D. Valdez, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The complaint and information, under which the appellant was convicted and assessed 30 days in jail, alleged that the appellant did wilfully desert, neglect and refuse to provide for the support and maintenance of his five named children under the age of 18 years.

The undisputed evidence showed that Rosa, one of the children named in the complaint and information, was the child of appellant's wife from a previous marriage.

The charge required the jury to find, in order to convict, that the appellant wilfully refused to provide for the support and maintenance of the other four children.

We overrule the contention that the state was bound to prove that the appellant was the father of Rosa and that he failed to support her. Jones v. State, 159 Tex. Cr.R. 18, 261 S.W.2d 324.

The authorities cited by the appellant are distinguished by the fact that the allegations as to the child Rosa are not descriptive of the offense of refusing to support the other children named in the information.

The undisputed evidence shows that prior to receiving injuries in an industrial accident the appellant was gainfully employed and furnished support for his family, and that following his injury he received workman's compensation, a major portion of it going to the support of his wife and children.

The state relied upon the testimony of appellant's wife, the mother of his children to prove that appellant refused to support his children from December 1962 (when his workman's compensation payments stopped) to April 1963, when the complaint was filed.

Mrs. Munoz testified that during said period the appellant was suffering from a ruptured disc as a result of his injury, and from time to time he suffered great pain and a partial paralysis.

She further testified that the appellant had been under the care of doctors during said period and that his injuries kept him from working at any salaried job.

Mrs. Munoz also testified that appellant had a second grade education; that he did not have the intelligence to hold any job other than one that required manual labor.

There was testimony to the effect that the appellant had the use of a truck which he used to haul dirt and other commodities, and there is evidence to the effect that on occasions he gave one or two dollars to his wife or a child.

We are unable to agree with the state's theory that the appellant's inability to provide for the support of his children, after his workman's compensation payments ceased, was due to his failure to seek employment.

■ Nor do we agree that if he did not seek employment in order to protect his claim for workman's compensation this would render his failure to furnish support for his children wilful.

■ We sustain the appellant's contention that the evidence is insufficient to support the finding that he wilfully refused to provide for the support of his children.

The judgment is reversed and the cause remanded.