**James E. THOMSON and wife, Nancy Kay Thomson, Appellants,**

v.

**Judith Love Thomson MEAUX, Appellee.**

**No. 7854.**

Court of Civil Appeals of Texas.

Amarillo.

May 20, 1968.

Rehearing Denied June 17, 1968.

Arthur J. Lamb, Amarillo, for appellants.

Lon Moser, Amarillo, for appellee.

NORTHCUTT, Justice.

Appellants, James E. Thomson and wife, Nancy Kay Thomson, brought this suit against appellee, Judith Love Thomson Meaux, seeking to permit Nancy Kay Thomson to adopt the two minor children of James E. Thomson and Judith Love Thomson Meaux. James E. Thomson and Judith Love Thomson Meaux were formerly man and wife but were divorced. In that divorce, the care, custody and control of the two children was given to the father and they have remained in his care ever since. The appellants sought this adoption upon the grounds that Judith Love Thomson Meaux, the mother of the two children sought to be adopted, had not contributed substantially to the support of said children for a period of more than two years and had not contributed to their support commensurate with her financial ability and had abandoned and deserted said children.

The case was presented to the court without a jury. The court entered judgment that the adoption be denied. From that judgment the appellants perfected this appeal. At the request of appellants, the trial judge filed his findings of fact and conclusions of law. The conclusions of law here involved as found are as follows:

"1.  A natural parent cannot, as a matter of law, abandon and desert children within the meaning of Art. 46a, Sec. 6, where said children have previously been awarded to the other parent in a divorce proceeding.

2.  A natural mother, as a matter of law, cannot fail to contribute substantially to the support of her children commensurate with her financial ability within the meaning of Art. 46a, Sec. 6, because there is no legal duty upon the natural mother for such support in Texas."

It is appellants' contention the court erred in concluding as a matter of law that there is no legal duty in Texas upon the natural mother to support minor children and concluded as a matter of law that the natural mother cannot abandon and desert children where the children have previously been awarded to the father in a divorce proceeding.

It is not our contention or holding that a natural mother is never responsible for the care and support of her minor children, but under the record of this case, we are to consider whether this mother was under obligation to support these children commensurate with her financial ability within the meaning of Art. 46a, Sec. 6 of Vernon's Ann.Texas Civ.St.

When James and Judith Love Thomson were divorced, the care, custody and control of such children was given to James E. Thomson. Appellee testified it was never her intention to abandon the children. She sent the children gifts and clothes and she visited with the children on a few occasions, and on many occasions she would get in touch with their father and he would persuade her from talking to the children because it upset them.

■ In this case the mother was not required by the divorce judgment to make child support payments but the father was given the care, custody and control of the children. When the father was given the care and custody, that was equivalent to an order of the court that he should support them. Maintenance is essentially a part of care and custody of children. The phrase "care and custody of children" as here used includes maintenance since plainly children cannot be cared for without being fed, clothed and otherwise maintained. Evans v. Evans, D.C., 36 F.Supp. 12.

■ Since the full care and custody was given to the father by the divorce decree, we believe, and so hold, it was his duty and obligation to support them and any failure, if any, on the part of the mother to contribute substantially to the support of such children would not preclude the mother from contesting such adoption; and neither do we believe under this record that appellee has voluntarily abandoned and/or deserted such children. The record here does not show whether any order was entered as to child support in the divorce of James E. and Judith Thomson. It is stated in Chandler v. Chandler, Tex.Civ.App., 323 S.W.2d 377 (error dism'd) as follows:

"Plaintiff further contends that the 1953 divorce decree awarded him the custody of Suzanne, their seventeen-year-old daughter. The decree is silent concerning the support of this child. Plaintiff says that Billie Louise Chandler agreed to support her, but that he has provided all her support. For her breach of the agreement, he concludes that the divorce decree is void. If the validity of decrees were thus dependent upon subsequent events, final judgments would be whimsical legal instruments. The fact that the decree did not provide for the child's support does not invalidate the decree. On the contrary, such silence imposed the duty of support upon the father, who has the primary duty. Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; 15-B, Tex.Jur., Divorce and Separation, § 265."

On this same point, as well as other points here involved, see Smith v. Waller, Tex.Civ.App., 422 S.W.2d 189 (n.r.e.) and the cases there cited.

Surely then since the father had custody it was his obligation to support them. See also Trotter v. Pollan, Tex.Civ.App., 311 S.W.2d 723 (writ ref'd, no reversible error) as follows:

"Where, as here, the father has been awarded custody of child in original divorce proceedings, the mother cannot, during such period, be chargeable with desertion (abandonment). Freeman v. State, 103 Tex.Cr.R. 428, 280 S.W. 1069; Jones v. State, 159 Tex.Cr.R. 18, 261 S.

**670**

W.2d 324; Gomez v. State, 163 Tex.Cr.
R. 99, 289 S.W.2d 269, 73 A.L.R.2d 958.
This rule has been held controlling of
adoption cases where the exceptions of
art. 46a are sought to be established.
Lee v. Purvin, Tex.Civ.App., 285 S.W.2d
405; Purvin v. Lee, Tex.Civ.App., 300
S.W.2d 339; Ex parte Payne, Tex.Civ.
App., 301 S.W.2d 194."

We are of the opinion, and so hold, the
appellee was not deprived of protesting
this adoption as contended by appellants.
Judgment of the trial court is affirmed.